**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| vs. | Criminal No. 3:03-cr-120WS |
| PAUL S. MINOR, JOHN H. WHITFIELD, OLIVER E. DIAZ, JR., JENNIFER DIAZ, AND WALTER W. "WES" TEEL | DEFENDANTS |

**ORDER**

Before the court is the motion of the defendant John H. Whitfield for bond pending appeal and a stay of sentence [**Docket No. 631**] brought under Title 18 U.S.C. § 3143(b)(1)[1]. The defendant was convicted on March 31, 2007, and later was sentenced to serve a term of incarceration of 110 months in the custody of the Federal Bureau of Prisons on September 7, 2007. This sentence is to commence on December 27, 2007.

The defendant now asserts that he does not pose a danger to society, is not a flight risk, and that he has a minor child for whom he is the sole caretaker. The defendant contends that the minor child's life will be seriously disrupted if the

---

[1]Title 18 U.S.C. § 3143(b)(1) provides in relevant part that, "... the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds- (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ... and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in - (I) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process ...."

defendant is forced to surrender himself prior to exhausting his right to appeal. Additionally, the defendant asserts that the appeal is not for the purpose of delay and raises a substantial question of law or fact which may result in reversal or an order for a new trial or a sentence.

A convicted defendant has no constitutional right to bail. *United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987). Any putative right to bail derives from Title18 U.S.C. § 3143, which "establishes a presumption against" its being granted. *Id*. Title 18 U.S.C. § 3143(b) allows release pending appeal only if the defendant can show by clear and convincing evidence that (1) the defendant is not likely to flee or pose a danger to the community, (2) the appeal is not for purposes of delay, (3) the appeal raises a substantial question of law or fact, and (4) the substantial question, if decided favorably to the defendant, is likely to result in-(I) a reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. The Fifth Circuit holds that a *substantial question* means that the issue presented must raise a substantial doubt (not merely a fair doubt) as to the outcome of its resolution. *United States v. Valera-Elizondo*, 761 F.2d 1020, 1023 (5th Cir. 1985). Additionally, the Fifth Circuit holds that the word "likely" as used in § 3143(b)(2) should be assigned "its ordinary meaning of "more likely than not." *Id*. The statutory requirement that the defendant demonstrate that the substantial question, if determined favorably for him on appeal,

2

would likely result in a reversal or an order for a new trial means "reversal or an order for new trial on all counts on which imprisonment has been imposed." *Id*.

Following the analysis set forth in *Valera-Elizondo*, this court is not persuaded that the defendant's appeal raises a *substantial question*, that is, one that is "close" or "that could very well be decided the other way" by the appellate court. *See United States v. Clark*, 917 F.2d 177, 180 (5th Cir 1990) (citing *Valera-Elizondo*). Therefore, the motion for bond pending appeal and stay of sentencing is denied.

**SO ORDERED**, this the 21st day of December, 2007.

                     **s/ HENRY T. WINGATE**

                     _____
                     **CHIEF UNITED STATES DISTRICT JUDGE**

Criminal No. 3:03-cr-120WS
Order