UNITED STATES COURT
FOR THE SOUTHERN DISTRICT
OF MISSISSIPPI

**UNITED STATES OF AMERICA**

v.                                                         CRIMINAL No: 3:03cr120-HTW-JCS

**JOHN H. WHITFIELD**

**MOTION FOR RELEASE PENDING RESENTENCING AND APPEAL
OR, IN THE ALTERNATIVE, TO HOLD
<u>RESENTENCING IN ABEYANCE PENDING APPEAL</u>**

COMES NOW the Defendant, John H. Whitfield, and moves this Court for his release pending resentencing and during his pending appeal, or in the alternative, to hold his resentencing in abeyance pending his appeal to the United States Supreme Court, and to allow his release during the time of abeyance.

In the case at hand, Mr. Whitfield, a former Mississippi Circuit Judge and managing partner at Phelps Dunbar, LLP, was indicted on July 23, 2003, on a wide-ranging series of counts as a result of a relationship with Mississippi Gulf Coast attorney Paul Minor. After a partial acquittal, he was re-indicted, and during a second trial, the jury convicted Mr. Whitfield of conspiracy, mail fraud, honest services fraud, and bribery involving a federally-funded program.

On December 11, 2009, the Fifth Circuit Court of Appeals overturned the conviction regarding federal program bribery, and ordered that Mr. Whitfield be resentenced. *See U.S. v. Whitfield*, 590 F.3d 325, 373 (5th Cir. 2009). Mr. Whitfield will appeal the remainder of his conviction to the United States Supreme Court.

Mr. Whitfield requests two forms of relief in this motion. First, that he should be released pending his resentencing, in accordance with statute, and to participate in his resentencing. Second, that in the alternative his resentencing should be held in abeyance pending

1

his pending appeal to the Supreme Court, and that he should be released during that time period. Each will be addressed in turn.

### I. Release Pending Resentencing and Appeal Is Proper.

Mr. Whitfield should be released prior to his resentencing due to his pending appeal.

#### A. Release Is Warranted by Statute.

As noted by Mr. Wes Teel in his Motion for Release [d.e. 769], this case before the Court is an unusual one, as release pending resentencing and release pending appeal is governed by different portions of 18 U.S.C. § 3143. Because Mr. Whitfield will be appealing the remainder of his conviction,[1] and the Fifth Circuit is still considering some components of its opinion regarding his appeal,[2] subsection (b) of the statute, which governs release pending appeal, should be applied.

> The statute controls the standard for release pending appeal.
> [A] convicted defendant must establish four factors: (1) that he is not likely to flee or pose a danger to the safety of others; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that the substantial question, if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without imprisonment, or in a sentence with reduced imprisonment.

*U.S. v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990).

As to the first prong, the Government has repeatedly conceded at both the District Court and the Fifth Circuit that Mr. Whitfield is neither a flight risk nor a risk to the community. He is

---

[1] The government argues in its Response in Opposition to Mr. Teel's Motion for Release Pending Resentencing that § 3143(b) is inapplicable during the interim window between the mandate issuing and a petition for certiorari being filed with the United States Supreme Court. At worst, this is the sort of technical half-truth on which justice should not turn; certainly, neither Congress nor the courts intended for a defendant to have to rush or abdicate the time for appeal in order to avail himself of the benefits of the law. At best, it is in fact an acknowledgment of the currently fluid nature of this matter, and an argument in favor of holding sentencing in abeyance until the time for petitioning for certiorari has run.

[2] While Mr. Whitfield did not file a motion to reconsider the Fifth Circuit's opinion, co-defendant Paul Minor did; as a result, on February 3, 2010, the Fifth Circuit requested that Mr. Whitfield indicate his position on the matters pending before them on the motion to reconsider.

physically in frail condition that requires medical monitoring. He is also trustworthy; the District Court previously allowed him to travel prior to trial with his family.

Secondly, the appeal is not for the purposes of delay; Mr. Whitfield has already been successful in his first appeal, which wholly vacated his prior sentencing in reversing a count which carried a 110 month punishment.

The issues before the Court are simply whether Mr. Whitfield's appeal of his conviction raises substantial questions, that if decided in his favor would result in a reversal of his conviction, an order for a new trial or a substantial reduction in his sentence. In examining what constitutes a "substantial question," the oft-repeated language is that it must be "one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *U.S. v. Miller*, 753 F.2d 19, 23 (3rd Cir. 1985) (adopted by the Fifth Circuit in *U.S. v. Valera-Elizondo*, 761 F.2d 1020, 1024 (5th Cir. 1985)). As the Eleventh Circuit has put it, "a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous," such as "one that very well could be decided the other way." *U.S. v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985). "[T]here are no blanket categories for what questions do or do not constitute 'substantial' ones, as courts will have to determine this "on a case-by-case basis." *Id*.

The standard does not require Mr. Whitfield to concretely establish that the lower court was in error, nor is he required to show that the appeals court will agree with him in every instance. Instead, the arguments raised by the defendant must be such that such issues *could be* decided in the defendant's favor.

As noted in Mr. Teel's brief, the issues in Mr. Whitfield's forthcoming appeal are substantial. The Supreme Court has granted certiorari on three cases in which the

constitutionality of the honest services fraud statute, Mr. Whitfield's remaining conviction, will be analyzed and determined. *See Skilling v. U.S.*, Supreme Court No. 08-1394; *Black v. U.S.*, Supreme Court No. 08-876; *Weyhrauch v. U.S.*, Supreme Court No. 08-1196. The simple fact that the Supreme Court is considering multiple cases on the same issue in the same term *mandates* that this is a "substantial question," and one of substance.

Like Mr. Teel and Mr. Minor, Mr. Whitfield will be filing a Petition for Writ of Certiorari on the honest services fraud issue as well. If the Supreme Court finds the honest services fraud statute unconstitutional, then in all likelihood Mr. Whitfield will be able to successfully argue that his remaining convictions should be overturned, mandating his release from prison.

Despite the success of his appeal, and that a co-defendant was previously allowed free on bond, Mr. Whitfield was previously denied release by both the District Court and the Fifth Circuit. In light of the reversal he obtained on appeal, this denial can only be seen as erroneous. Mr. Whitfield has never been free on bond at any point post-conviction; this situation should be remedied.

Additionally, Mr. Whitfield's confinement is effectively more restrictive than that of Mr. Minor and Mr. Teel because of his serious medical condition. For example, the terms of his confinement permit unsupervised furloughs to spend time with family; however, because of his illness and the need for continuing treatment, he is located in one of the only federal facilities that can treat his condition, in Kentucky. His location over 700 miles away from the Gulf Coast, combined with his medical needs, makes it impossible for him to exercise the right to furlough which he has been granted. It also effectively negates any realistic possibility of spending time with friends or family members who would otherwise visit. As a result, Mr. Whitfield is isolated

4

from his community, his family, his friends, and even his counsel, because of his special medical needs.

For these reasons he should be allowed release during his pending appeal.

### B. Mr. Whitfield Should Be Released So That He Might Participate In His Resentencing.

Even despite the clear language of the statute warranting his release, and the high likelihood of success on the merits, Mr. Whitfield should be released on bond so that he might participate in his resentencing.

Mr. Whitfield was originally sentenced to 110 months under the federal program bribery conviction, and 60 months for the convictions regarding conspiracy and deprivation of honest services. As the Fifth Circuit held, "[h]ad the judge known these counts [regarding federal program bribery] would no longer be involved he might have analyzed the matter differently" regarding sentencing. *Whitfield*, 590 F.3d at 366. Impliedly, the Fifth Circuit recognized that the sentence would be dramatically reduced. *Id*.

Yet Mr. Whitfield is currently incarcerated at the Federal Medical Center in Lexington, Kentucky. To be blunt, his current team of attorneys did not represent him at trial, only at later stages in his appeal, and have never met the defendant face-to-face, nor been able to cooperate to the extent necessary to pursue his appeal. There is no realistic possibility of working with him due to the restrictions at the facility on contact and its comparable geographical remoteness from his attorneys in Mississippi. Release pending resentencing would allow Mr. Whitfield to meaningfully participate in the resentencing warranted by the Fifth Circuit's reversal of his conviction.

Without some sort of release on bond, even the normally ministerial process of coordinating Mr. Whitfield's transport from Kentucky to Mississippi will be difficult, in order to ensure that Mr. Whitfield receives consistent and adequate medical treatment during his travel.

For this reason he should be allowed release to prepare for resentencing.

### C. A New Presentence Report Is Warranted.

In accord with the arguments above, a new presentence report is necessary in this case as well. Since the time of Mr. Whitfield's conviction, his medical condition has deteriorated, and he remains confined to a medical prison facility. Further, his successful appeal to the Fifth Circuit resulted in the reversal of a conviction which carried a sentence of 110 months. Third, he has exhibited exemplary behavior while incarcerated in Lexington.

These three factors warrant a new presentencing report, as well as allowing Mr. Whitfield the opportunity to respond and object to any such report.

### II. Resentencing Should be Held in Abeyance.

In the alternative, Mr. Whitfield requests the greater relief that this Court release him on bond while holding resentencing in in abeyance pending the outcome of three important events.

First, as noted above, the United States Supreme Court has already accepted petitions contesting the honest services statute in three cases. Should the Court strike down the honest services statute as unconstitutional, it is likely that Mr. Whitfield's remaining convictions will be fully and finally vacated, mooting the need for any resentencing. At a minimum, the Court has signaled that the statute will be judicially restricted in important ways which will likely affect any resentencing of Mr. Whitfield. Not only Mr. Whitfield, but also this Court, should benefit from the final dispositions of these cases.

6

Second, Mr. Whitfield is currently crafting a petition for certiorari to the Supreme Court regarding his remaining convictions, which involve the deprivation of honest services. Whether the Supreme Court accepts or denies the petition is a relevant factor in this Court's determination of the propriety of bond release, and it also may be a relevant factor in this Court's determination of sentencing.

Third, as noted at footnote one above, Mr. Minor has filed a Motion to Reconsider *en banc* with the Fifth Circuit. The Fifth Circuit has requested that all parties, including Mr. Whitfield, respond to the arguments presented. This continuing interest in this case by the Fifth Circuit could also factor into any resentencing by the District Court.

For these reasons, there is a likelihood that resentencing Mr. Whitfield prior to the outcome of the three events described above would be performed without relevant information that is soon forthcoming. Such a resentencing would be a drain on both the resources of the Court and the Defendant at this point, and should be held in abeyance pending his appeal to the Supreme Court, that Court's disposition of the related honest services cases, and the Fifth Circuit's resolution of Mr. Minor's request for rehearing. For the ample reasons listed above, Mr. Whitfield should also be allowed release on bond pending this time of abeyance.

## CONCLUSION

Our judicial system seeks to appropriately deter and punish wrongful behavior through sentencing, but only so much as sufficient to accomplish those goals. Before that, our system seeks to avoid the taking of a man's liberty unless he is found guilty beyond a reasonable doubt. John Whitfield sits somewhere in between these competing interests of our system. On the one hand, Mr. Whitfield was convicted of certain crimes, and he was sentenced for those crimes. On the other hand, he has now had some of those convictions vacated, along with the sentences.

Mr. Whitfield has from the beginning of this long ordeal admitted to certain wrongdoing while all the while denying criminal culpability. Mr. Whitfield has always denied that the acts of which he is accused constitute crimes of bribery or fraud. Mr. Whitfield continues to make those denials. His denials today come from a man who has served over two years of prison time, but who has also been successful in achieving the vacation of some of the charges for which he was convicted.

If Mr. Whitfield is successful in prosecuting the remainder of his appeal, and if he remains in prison throughout, he faces the specter of spending three to five years in prison, only to be released as not only a free man, but one with no criminal record. He will have been vindicated, but at a substantial cost.

Through this Motion, Mr. Whitfield respectfully requests that this Court find that his circumstances 18 U.S.C. § 3143(b). The only factor in question is whether the issues which he continues to appeal, if decided in his favor, are likely to result in reversal, a new trial, or a sentence with reduced imprisonment or no imprisonment. It seems clear that this factor must be answered in the affirmative. The remaining issues appealed by Mr. Whitfield are subject to widespread media attention due to currently pending cases before the United States Supreme Court. If found in Mr. Whitfield's favor, the result would at a minimum require yet another re-sentencing. It is far more likely that the result would be the final vacation of all of Mr. Whitfield's convictions.

Given the circumstances, Mr. Whitfield requests that this Court at a minimum grant his release on bond pending his appeal to the Supreme Court and his resentencing. Even moreso, Mr. Whitfield requests that this Court release him on bond and hold resentencing in abeyance pending the outcome of the honest services cases currently pending before the Supreme Court,

the panel reconsideration of Mr. Minor's pending petition, and Mr. Whitfield's own appeal to the Supreme Court.

                                    Respectfully submitted,

                                    **THE DEFENDANT, John H. Whitfield**
                                    **BY HIS ATTORNEYS**

| /s/ *David Neil McCarty* | /s/ *Drew M. Martin* | /s/ *Melissa Selman Martin* |
|---|---|---|
| David Neil McCarty | Drew M. Martin | Melissa S. Martin |
| Miss. Bar No. 101620 | Miss. Bar No. 101045 | Miss. Bar No. 100990 |
| | | |
| *David Neil McCarty Law Firm, PLLC* | *Martin Law Firm, PLLC* | *Martin Law Firm, PLLC* |
| 416 East Amite Street | 1635 Lelia Drive, Suite 102 | mmartin@martinlawfirmpllc.com |
| Jackson, Miss. 39201 | Jackson, Miss. 39216 | |
| F: 866.236.7731 | 601.366.8410 (telephone) | |
| T: 601.874.0721 | 866.945.9168 (fax) | |
| E: dnmlaw@gmail.com | dmartin@martinlawfirmpllc.com | |

**CERTIFICATE OF SERVICE**

  I, David Neil McCarty, hereby certify that on February 5, 2010, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system, and therefore served electronically the attorneys listed below:

*For the Government:*
Acting United States Attorney Stan Harris
Assistant U.S. Attorney David H. Fulcher
188 E. Capitol Street, Suite 500
Jackson, Miss. 39201
601.965.4480

Assistant U.S. Attorney Ruth R. Morgan
1575 20th Avenue
Gulfport, Miss. 39501
228-563-1560

*For Related Defendants:*
Abbe David Lowell, Esq.
Chadbourne & Parke, LLP
1200 New Hampshire Ave, N.W.
Washington, DC 20036

James F. Neal, Esq.

Neal and Harwell, PLC
150 Fourth Ave, North
Suite 2000
Nashville, TN 37219

Brad Pigott, Esq.
775 North Congress Street
Jackson, MS 39202

George Lucas, Esq.
Office of the Federal Public Defender
Suite 100-S
200 South Lamar Street
Jackson, Mississippi 39201

Dennis C. Sweet III, Esq.
200 South Lamar St., Suite 200
Jackson, MS 39201

       On February 5, 2010,

       _/s/_*David Neil McCarty*__
       David Neil McCarty
       Miss. Bar No. 101620